**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES INC., QUEST TRUST 2005-X1, ASSET BACKED CERTIFICATES, SERIES 2005-X1, SERIES 2004-4,** | § | **Civil Action No. 5:21-cv-515** |
| **Plaintiff,** | § | |
| **v.** | § | |
| **OSCAR HERRERA,** | § | |
| **Defendant.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Quest Trust 2005-X1, Asset Backed Certificates, Series 2005-X1 ("Deutsche Bank" or Plaintiff") files this *Original Complaint* against Oscar Herrera, and shows:

## I. PARTIES

1. Deutsche Bank is the Plaintiff in this cause who is appearing through the undersigned counsel.

2. Defendant Oscar Herrera is an obligor under a loan agreement and may be served with process at his residence, 603 McIlvanie, San Antonio, Texas 78212. Summons is requested.

## II. DIVERSITY JURISDICTION AND VENUE

3. This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

4. Plaintiff is the trustee of a trust and is appearing herein in its capacity as a trustee. If a trustee possesses "customary powers to hold, manage, and dispose of assets," then it is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see U.S. Bank N.A. v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). Deutsche Bank has its principal place of business in California. Therefore, Deutsche Bank is a citizen of California for diversity purposes.

5. Defendant Oscar Herrera is an individual and citizen of the State of Texas.

6. This Court has jurisdiction over the controversy under 28 U.S.C. Section 1332 because the amount in controversy exceeds $75,000.00. In this suit, Plaintiff seeks to foreclose on its lien interest on the Property. The current payoff of the underlying note and the value of the Property are is in excess of $75,000.00. Accordingly, the amount in controversy requirement has been met.

7. Venue is proper in the Western District of Texas, San Antonio Division, under 28 U.S.C. § 1391(a)(2) because this suit concerns title to real property located in Bexar County, Texas.

## III. FACTS

8. On or about December 23, 2003, Oscar Herrera ("Defendant" or "Herrera"), executed a *Texas Home Equity Note (Fixed Rate – First Lien)* ("Note") in the principal amount of $140,240.00 bearing interest at 9.750% originally payable to Argent Mortgage Company, LLC.

7. The Note is secured by that certain Texas Home Equity Security Instrument (First Lien) ("Security Instrument") of even date therewith, signed by Herrera filed for record in the Official Public Records of Bexar County, Texas, creating a first lien on real property and improvements commonly known as 811 W. Kings Hwy., San Antonio, Texas 78212, and more particularly described as follows:

> LOTS THIRTY-FIVE (35) AND THIRTY-SIX (36), BLOCK EIGHT (8), NEW CITY BLOCK 6407, BEACON HILL TERRACE, SITUATED IN THE CITY OF SAN ANTONIO, BEXAR COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 368, PAGE 339, DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS. (the "Property".)

9. Under the terms of the Note and Security Instrument, Herrera were required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

10. The Note and Security Instrument further provide that should Herrera fail to make payments on the Note as they became due and payable, or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the agreement.

11. Herrera has failed to make the payments on the Note and have failed to comply with any and all of the covenants and conditions under the terms of the Security Instrument. Notice of default and intent to accelerate was provided to Herrera. Herrera has not cured the default. As the default has not been cured, all unpaid principal and accrued interest on the Note have been accelerated and are due and payable at this time.

12. The Note and Security Instrument were assigned to Deutsche Bank. The Note was also indorsed in blank and is currently in Deutsche Bank's physical possession of. Deutsche Bank

files this current lawsuit as the last assignee of record of the Security Instrument and holder and owner of the Note.

## IV. CAUSE OF ACTION/FORECLOSURE

13. Plaintiff asserts a cause of action for judicial foreclosure against Herrera. Deutsche Bank is the current beneficiary of the deed of trust and holder and owner of the Note. Deutsche Bank has fully performed its obligations under the loan agreement; however, Herrera failed to make the payments required under the Note, which constitutes an event of default thereunder.

14. The Security Instrument permits Deutsche Bank to foreclose the Property should there be an event of default on the Note. Accordingly, Deutsche Bank seeks judgment in its favor and an order allowing foreclosure in accordance with the Security Instrument and Texas Property Code section 51.002, or alternatively, a judgment foreclosing on the lien and an order for sale.

15. Deutsche Bank has been forced to hire the undersigned attorneys to pursue this claim; Deutsche Bank is therefore entitled to and seeks judgment against Herrera for its reasonable attorneys' fees in this action, both through trial and in the event of a subsequent appeal, as provided by the Note and Security Instrument and by statute. TEX. CIV. PRAC. & REM. ANN. § 38.001(8). Deutsche Bank seeks an award as a further obligation on the loan and not as a money judgment.

16. All conditions precedent have been performed or have occurred.

## V. CAUSE OF ACTION – EQUITABLE SUBROGATION

17. The foregoing is incorporated by reference for all purposes.

18. In the alternative to Plaintiff's claim for foreclosure, Plaintiff asserts a cause of action for equitable subrogation.

19. The doctrine of equitable subrogation provides that a third party will succeed to the rights of the original lender when the third party satisfies the borrower's obligation to the original lender. The lender is said to "step into the shoes" of the prior lienholder and assume the its right

to the security interest against the debtor. *LaSalle Bank Nat'l Ass'n v. White*, 246 S.W.3d 616, 619 (Tex. 2007).

20. Upon the closing of the Loan Agreement, Plaintiff's predecessor used some of the loan proceeds to pay off prior debts that were secured by the Property. In particular, sums of money were paid to Herrera's prior secured creditor to pay off his first mortgage lien. Sums were also paid by Plaintiff the taxing authorities to pay Herrera's property taxes.

21. Pursuant to the doctrine of equitable subrogation, Plaintiff, as successor in interest to any prior secured creditor's shoes and acquired its respective lien interests in the Property.

22. Herrera breached his obligation to tender full and timely payment to Plaintiff and Plaintiff accelerated the amount of the debt owed. Despite written demand, Herrera failed to tender payment for the amount due under the Note. Plaintiff thus seeks a judgment allowing it to foreclose on its lien on the Property secured by the moneys expended to pay off the prior secured obligations of Defendant.

23. All conditions precedent have been performed or have occurred.

**WHEREFORE, PREMISES CONSIDERED,** Deutsche Bank prays that the Court declare that it may foreclose on the Property pursuant to the terms of the Security Instrument or, in the alternative, enter a judgment foreclosing its lien. In the further alternative, Deutsche Bank asks that the Court allow it proceed with foreclosure pursuant to the doctrine of equitable subrogation. Finally, Deutsche Bank asks to recover its attorney's fees and costs and that it be awarded as a further obligation on the loan and all other relief to which it is entitled.

Respectfully submitted,

By: _/s/ Mark D. Cronenwett____

**MARK D. CRONENWETT**
Attorney in Charge
Texas Bar No. 00787303
mcronenwett@mwzmlaw.com

**PHILIP W. DANAHER**
Texas Bar No. 24078395
pdanaher@mwzmlaw.com

**MACKIE WOLF ZIENTZ & MANN, PC**
14160 North Dallas Parkway, Ste. 900
San Antonio, TX 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

**ATTORNEYS FOR PLAINTIFF**